IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MILES THOMAS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>AMANDA COOPER, *et al.*,<br><br>　　　　Defendants. | Case No. 25-cv-00130-DKW-WRP<br><br>**ORDER (1) SCREENING AND DISMISSING COMPLAINT WITH LEAVE TO AMEND, AND (2) HOLDING IN ABEYANCE APPLICATION TO PROCEED *IN FORMA PAUPERIS*** |

On March 18, 2025, Plaintiff Miles Thomas (Plaintiff or Thomas) initiated this proceeding with the filing of a Complaint against Defendants Amanda Cooper. Gregory Cooper, Rayven Cooper, and Ariel Cooper (collectively, Defendants). Dkt. No. 1.   Thomas did so purporting to bring claims under federal and State law premised upon alleged efforts to "st[eal] a large amount of money from [Thomas]" and "us[e] mind reading technology to keep [Thomas] locked up…." *Id*. at 4-5. Thomas also filed an application to proceed in district court without prepayment of fees or costs (IFP Application).   Dkt. No. 3.   Therefore, pursuant to 28 U.S.C. Section 1915(a), the Court now screens the Complaint.[1]

---

[1] Specifically, the Court screens, and may dismiss, any claim it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."   28 U.S.C. § 1915(e)(2)(B).

Thomas alleges that, "for 20 plus years", Defendants and unidentified "others" have used "mind reading technology" to keep him locked up and in emotional distress. He further alleges that these same people have stolen from him a "large amount of money", such as workers compensation checks and inheritance, and have "charg[ed]" other people to "play in [his] head[.]" Thomas asserts that this conduct violates various federal statutes and State legal principles. For the reasons set forth below, at this juncture, the Complaint is plainly inadequate to proceed with respect to any potential claim.

First, Thomas cites various federal statutes as a basis for this lawsuit. The vast majority of them, however, are federal *criminal* provisions, none of which provide him with the standing, authority or basis to bring *civil* claims. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Specifically, Thomas may not bring claims, as he attempts to do, under the following statutes: 18 U.S.C. Section 1341 for "mail fraud"; 18 U.S.C. Section 1344 for "bank fraud";[2] 18 U.S.C. Section 1028 for "fraud [and] related [conduct]"; 18 U.S.C. Section 2261A, which concerns stalking; 18 U.S.C. Section

---

[2] The Court notes that, with respect to Thomas' allegation of "bank fraud", he omits the actual statutory section upon which he relies. *See* Dkt. No. 1 at 4. In light of the language provided and the context of the same, the Court assumes that he relies upon Section 1344, which concerns "bank fraud."

875(c), which concerns unlawful uses of interstate communications; 18 U.S.C. Section 1030, which concerns computer-fraud; and 18 U.S.C. Section 2422 for "coercion[.]"  *See* Dkt. No. 1 at 4.  Put simply, Thomas cannot bring any claim under any federal criminal statute unless that statute provides a right to bring a related civil action.  *See Diaz v. City of San Fernando*, 2015 WL 13237402, at *5 (C.D. Cal. June 18, 2015) (citing cases).

Second, as for Thomas' remaining claims, which appear to be premised upon a mix of federal and State civil legal principles, none are alleged with any specificity.  Instead, Thomas simply invokes conclusory principles, such as "civil rights violation" and "unfair trade practices."  Even though Thomas is proceeding without counsel, and, thus, the Court reviews his allegations liberally, *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), this is plainly insufficient, *see Pliler v. Ford*, 542 U.S. 225, 231 (2004) (explaining that a court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim); *see also Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Specifically, to proceed in federal court, Thomas must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

Here, Thomas has done no such thing. For example, although he alleges that "people" have stolen his money and read his mind, among other things, he (1) does not identify any specific individual, let alone a Defendant, that did so, (2) does not explain when or how any such person committed any of the actions he alleges, and (3) does not plausibly suggest how any such action could be considered a "conspiracy", a violation of the "RICO Act", or an "unfair trade practice[]", as he suggests.[3] As a result, the Complaint is DISMISSED.

---

[3] The Court further notes that, with respect to an alleged "civil rights violation," a "threshold requirement of any constitutional claim is the presence of state action." *See Roberts v. AT&T Mobility LLC*, 877 F.3d 833, 837 (9th Cir. 2017); *Shah v. Patel*, 232 F. App'x 743 (9th Cir. May 23, 2007) (explaining that, to bring an action under Section 1983, "a plaintiff must sufficiently plead that the defendants have engaged in state action[,]" and affirming the dismissal of a case for lack of subject matter jurisdiction due to a failure to plead such action); *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution. We have previously held that a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983.") (citations omitted); *Kinsley v. Doe*, 2024 WL 5137647, at *1 (W.D. Wash. Dec. 17, 2024) (dismissing complaint brought under Section 1983 because "all named defendants are private actors…."). Here, Thomas does not allege that Defendants are anything other than private actors, which, if accurate, would likely bar any alleged constitutional claim.

However, because Thomas is proceeding without counsel, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Here, arguably, Thomas may be able to cure enough of the deficiencies with the Complaint in order to allege a plausible claim and remain in federal court. Therefore, should he so choose, Thomas may file an amended complaint. In doing so, Thomas must write short, plain statements alleging: (1) the legal right he believes was violated; (2) the name of the specific defendant(s) who violated that right; (3) exactly what each defendant did or failed to do and when; (4) how the action or inaction of that defendant is connected to the violation of his right; and (5) what specific injury he suffered because of a defendant's conduct. **Failure to do so may result in any deficient claim and this action in its entirety being dismissed.**

Thomas may have until **April 21, 2025** to file an amended complaint. **Should Thomas fail to file an amended complaint consistent with the guidance above by April 21, 2025, this action will be dismissed for failure to state a claim.**

The IFP Application, Dkt. No. 3, is HELD IN ABEYANCE pending the filing of any amended complaint.

IT IS SO ORDERED.

DATED: March 31, 2025 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge